UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

SARAH NORTON

No. 5:18-cr-00171-001

### DEFENDANT'S PRETRIAL MEMORANDUM

Defendant, Sarah Norton, by and through her undersigned counsel, hereby submits this Pretrial Memorandum in advance of the October 28, 2019 jury trial in this matter, and states as follows:

### I.   STATUS OF THE CASE

A. Trial for Defendant, Sarah Norton, is set for October 28, 2019 at 9:00 a.m., before the Honorable Joseph F. Leeson, Jr., United States District Judge.

B. Estimated time for trial is 2 days.

C. The defendant is not in custody.

D. Defendant requested a bench trial, which the Government refused to consent to.

E. An interpreter will *not* be required.

F. Defendant expects to call approximately two (2) witnesses.

G. The Indictment consists of two (2) counts, identified below.

### II.   APPLICABLE STATUTES

Title 18, United States Code, Section 2422(b), provides in pertinent part as follows:

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial

1

> jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Title 18, United States Code, Section 2423(b), provides in pertinent part as follows:

> (b) Travel with intent to engage in illicit sexual conduct. A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, with a motivating purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

### III.    FACTS

Defendant is in her mid-thirties and resides in Connecticut. During the course of 2017, Defendant engaged in numerous email and online conversations with a young male, many of which became explicit. The two began conversing using the internet, while both were playing an online videogame.

Several months later, Defendant and the alleged victim agreed to meet in Allentown, Pennsylvania, and the two met in person, where they talked for approximately one-half hour. At trial, the evidence will show that no sexual contact took place, nor did the Defendant ever intend or agree to meet for sex. The evidence will further demonstrate that during this meeting, the two did not engage in any discussions concerning sex, the conversations the two had were not intended to entice the victim into sexual contact, and that no sexual relations were contemplated by either party.

After talking for a half-hour, Defendant left and drove back to her home in Connecticut.

## IV.    PERTINENT LAW

A. <u>Title 18, United States Code, Section 2422(b)</u>

1. Essential Elements

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1) the Defendant knowingly persuaded, induced, enticed, or coerced a minor to engage in sexual activity, as charged;
>
> (2) the Defendant used a computer or other facility of interstate commerce to do so;
>
> (3) when the Defendant did these acts, the alleged victim was less than 18 years old; and
>
> (4) one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Pennsylvania.

Count I of the Indictment alleges that the Defendant could have been charged under the following state laws: 18 Pa.C.S. § 3122.1 (Statutory Sexual Assault) and 18 Pa.C.S. § 2123(a)(7) (Involuntary Deviate Sexual Intercourse).

A. <u>Title 18, United States Code, Section 2423(b)</u>

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1) the Defendant traveled in interstate commerce;
>
> (2) the Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense, the term "illicit sexual conduct" means a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant.

## V.    EVIDENTIARY ISSUES AT TRIAL

None expected at this time.

Respectfully submitted,

Dated: October 14, 2019:

                                           */s/ David Jay Glassman, Esquire*
                                           David Jay Glassman, Esquire
                                           Law Offices of David Jay Glassman, Esq.
                                           PA Attorney I.D. 32893
                                           1500 Market Street
                                           12th Floor East Tower
                                           Philadelphia, PA 19102
                                           Telephone: (215) 563-7100