IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO.   18-171 |
| **SARAH NORTON** | : | |

**GOVERNMENT'S REQUESTED JURY VOIR DIRE QUESTIONS**

The United States of America, by its undersigned attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Sherri A. Stephan, Assistant United States Attorney for the district, respectfully request that this Honorable Court ask the following questions of the jury panel during the jury selection process:

**I.     BACKGROUND QUESTIONS**

    A.     <u>Knowledge of parties, attorneys, other panel members</u>

        1.     The defendant, Sarah Norton, resided in Connecticut.   Does any member of the panel know the defendant?

        2.     Does any member of the panel know the following potential witnesses: (List will be provided the day of jury selection.)

        3.     Do any members of the panel know each other?

        4.     Do you know the attorney for the government, Sherri A. Stephan?

        5.     Do you know, have you been represented by, or have friends or relatives who know or have been represented by, the defense attorney, David Jay Glassman, or any member of the defense attorney's staff?

  B. <u>Law enforcement</u>

    1. Have you ever received any training in law or law enforcement (police work of any kind)?

      a. If you answered "yes," please describe the nature of your training and length of the training.

    2. Has any member of the panel, or relative or close friend, ever been employed by any federal, state, local or private law enforcement agency?

      a. If so:

        (1) in what capacity did you, your relative or close friend serve?

        (2) if a relative or close friend is or was so employed, do you or did you often discuss their work with them?

    3. Does any member of the panel, or a relative or close friend, belong to any organization which is connected or related in any way to law enforcement, police departments or police officers?

    4. Do you belong to or associate with any groups which have crime prevention or law enforcement as a primary goal?

  C. <u>Government and military service</u>

    1. Has any member of the panel, or any member of your immediate family, been employed by the United States government or its armed services?

  D. <u>Previous jury service</u>

    1. Has any member of the panel previously served as a juror?

  E. <u>Previous experience as a party to litigation</u>

    1. Have you ever been a party to a lawsuit which has resulted in a trial?

      2.      If so:

           a.      were you a plaintiff or a defendant?

           b.      what was the nature of the litigation?

           c.      do you believe that you and/or the party whom you were associated with in the litigation were treated fairly or unfairly by the legal system?

F.      <u>Dealings with the government</u>

      1.      Have you or any of your relatives or close friends ever had any unfavorable dealings or involvement with the United States Government, the IRS, the FBI, or the United States Attorney's Office? For example, disputes, lawsuits, audits, etc.

      2.      Do any of you have any personal feelings against the federal government for whatever reason?

G.      <u>Legal training and experience</u>

      1.      Have you had any training in law?   If so:

           a.      Are you a practicing attorney?

                (1) What was/is your area of practice?

                (2) Has your practice ever involved criminal law?

      2.      If you have ever practiced criminal law, or presently practice criminal law, would that experience prevent you from being a fair and impartial juror in this case?

      3.      Are any members of your family, close friends, or work associates attorneys or employed in law offices? If so, what type of law practice are they involved in?

      4.      Have you ever been a party in civil litigation, either as a plaintiff or defendant?   If so, what was the nature of the litigation and the outcome?   Is there anything

about that experience which would cause you difficulty in being fair and impartial in this case?

    H.    <u>Involvement in the criminal justice system</u>

        1.    Have you, or has any member of your family, or any close friend, ever been the victim of a crime or participated in a criminal case as a complainant, witness for the government, or in some other capacity? If yes, please explain.

        2.    Have you, or has any member of your family, or any close friend, been arrested or the subject of a criminal investigation, or participated in a criminal case as a defendant, witness for the defense, or in some other capacity? If yes, please explain.

    I.    <u>Dealings/disputes with the United States</u>

        1.    Have you ever had, or do you now have, or do you presently anticipate having, any case or dispute with or claim against the United States government?

        2.    Are you, or have you ever been, an official or employee of the United States government? If yes, please explain.

        3.    Is any member of your family, or any close friend, or have they ever been, an official or employee of the United States government? If yes, please explain.

**II.    <u>IMPAIRMENT AND BIAS QUESTIONS</u>**

        1.    Do you have any physical or mental difficulties which might prevent you from seeing or reading exhibits introduced in evidence, from hearing the testimony that will come from the witness chair or otherwise interfere with your duties as a fair and impartial juror?

        2.    Are you now taking or do you anticipate taking medication of any kind during the course of the trial? What type of medication? Does this medication in any way affect your attention or your ability to concentrate, understand, consider and weigh the evidence in this case?

3. Do you have any conviction, whether moral, political, religious, philosophical, or otherwise, that would prevent you from being a fair and impartial juror in this case or that would make it difficult for you to sit in judgment of your fellow man? For example, do you believe that no one should ever be convicted? Do you believe that a person is guilty just because he is here in court?

4. Does any member of the panel feel that the criminal justice system treats those accused of a crime too harshly or too leniently?

5. To admit to having some sympathy for either the defendant or the United States in this case is nothing to be ashamed of and does not reflect badly upon you as a person. However, both the United States and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court, according to the Court's instructions on the law, and without regard to any bias, sympathy, prejudice or public opinion for either party. With this in mind, do any of you know any reason why you would be unable to give either the United States or the defendant a fair trial based solely on the evidence admitted at trial and the instructions given by the Court without regard to sympathy, bias or prejudice?

6. If you were representing the government or the defendant in this case, is there any reason why you would not be content to have this case decided by someone in your frame of mind?

## III. CASE SPECIFIC

1. The defendant in this case is charged with federal offenses which makes it unlawful to use a telephone, the internet or the mail to persuade, induce or entice a minor to engage in sexual activity which consists of violations of state law and to travel in interstate

commerce with the intent to engage in illicit sexual conduct with a minor. In this case, the state laws involved are the criminal laws of the Commonwealth of Pennsylvania. The term "minor" means less than 18 years of age.

In this case, the government alleges that the defendant and minor communicated through Playstation, and by telephone, during which the defendant attempted to persuade, induce or entice that minor to engage in a sexual act which was against the law in the Commonwealth of Pennsylvania, because of the age of the minor victim, that is, 14 years old at the time; and the government alleges that the defendant traveled in interstate commerce, from Connecticut to the Commonwealth of Pennsylvania, for the purpose of engaging in illicit sexual conduct with that minor.

Of course, the indictment in this case is not evidence, and it is the government's burden to prove its case beyond a reasonable doubt.

2. Do you know anything at all about the facts of this case?

3. Have you heard anything about this case since you arrived at the courthouse?

4. Do you own a home computer?

5. Would the fact that this case involves enticement of a minor for the purpose of engaging in sexual activity, and travelling to engage in illicit sexual conduct with a minor, prevent you from rendering a fair and impartial verdict? Do you feel such laws should not be enforced at all, enforced more vigorously than other laws or enforced less vigorously than other laws?

6. As I am certain you have surmised, a part of the evidence in this case will include testimony and a discussion of various sexual acts. This may be distasteful, offensive,

and unpleasant to have to listen to.   However, the prospect of having to hear distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service.   Many cases, both criminal and civil, involve unpleasant things.   If we excused prospective jurors on the ground that jury duty makes demands- including some unpleasant demands- then we could not function.   Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness.   Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror-that is to consider all of the evidence and to follow the law- simply because of the subject matter of this case and the evidence that will be presented at trial?

    7.  Do you have any opinions, religious beliefs, philosophies, or prejudices which would make you unable to come to a verdict in this case?   For example, do you believe that no person should ever be judged or convicted?   Do you believe that a person is guilty just because they are here in court?

    8.  Do you know of any reason why you may be prejudiced for or against the government, for or against any witness, or for or against the defendant, because of the nature of the charges or otherwise?

    9.  Have you ever had a negative experience with the police, sheriff, or other law enforcement officials?

     a.  If you answered "yes," please tell the court about it.

    10.  Do you have any personal experiences or feelings that you think should be brought to the attention of the court regarding your service on this case? If so, what are these feelings an experiences?

11. Have you or any family member had any contact or experience with the Federal Bureau of Investigation (FBI) or Upper Macungie Police Department?

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

_s/ Sherri A. Stephan_____
SHERRI A. STEPHAN
Assistant United States Attorney

Dated: November 26, 2019

## **CERTIFICATE OF SERVICE**

I certify that on this day I caused a copy of the Government's Requested Voir Dire Questions to be served by electronic monitoring and email, addressed to:

> David Jay Glassman
> 1500 Market Street, 12th Floor
> Philadelphia, PA 19102
> davidjayglassman@gmail.com

                                                                          ___s/ Sherri A. Stephan_____
                                                                          SHERRI A. STEPHAN
                                                                          Assistant United States Attorney

Dated: November 26, 2019