UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:18-cr-00171-1 |
| : | |
| SARAH NORTON : | |

# **O R D E R**

**AND NOW**, this 18th day of August, 2020, upon consideration of the Defendant's request to be released from custody pending sentencing, **IT IS ORDERED THAT**:

The Defendant's motion for release from custody pending sentencing, ECF No. 74, is **DENIED**.[1]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Pursuant to 18 U.S.C. § 3143(2), "a person who has been found guilty of an offense in a case described in . . . subsection (f)(1) of section 3142 [18 USCS § 3142] and is awaiting imposition or execution of sentence be detained unless— (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *See* 18 U.S.C. § 3143(2) (emphasis added). The cases described in 18 U.S.C. § 3142(f)(1) include: "an offense for which the maximum sentence is life imprisonment or death;" and "any felony that is not otherwise a crime of violence that involves a minor victim." *See* 18 U.S.C. § 3142(f)(1)(B), (E).

On December 11, 2019, following a jury trial, the Defendant was found guilty of Using Interstate Communications to Attempt to Entice a Minor to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2422(b) and of Travel to Engage in Illicit Sexual Conduct with a Minor in violation of 18 U.S.C. § 2423(b). Count One (18 U.S.C. § 2422(b)) carries a maximum sentence of life imprisonment, as well as a mandatory minimum term of ten years, and involves a minor victim, thereby making both subsections of § 3143(2) applicable. Count Two (18 U.S.C. § 2423(b)) carries a maximum sentence of thirty years, but is a felony that involves a minor victim, thereby making subsection E applicable.

For these reasons and in the absence of any evidence establishing that Defendant is not receiving necessary medical treatment, release is not appropriate. The Court further notes that although the Defendant complains that she did not expect to be in her current place of confinement this long, she filed a motion to continue the two most recent sentencing hearings scheduled in July and in August. *See* ECF No. 71. The request for release is therefore denied.