IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

    v.                                                          :         CRIMINAL NO.  18-171

SARAH NORTON                            :

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Sarah Norton having been found guilty following a trial by jury on a two count indictment charging Count One, Attempted Enticement of a Minor in violation of Title 18, United States Code, Section 2422 (b) and Count Two, Travel to Engage in Illicit Sexual Conduct With a Minor in violation of Title 18, United States Code, Section 2423 (b) stands before your Honor facing a total maximum punishment of lifetime imprisonment, a mandatory minimum ten years imprisonment, a $500,000.00 fine, a mandatory minimum five years supervisory release up to lifetime supervised release and $10,200.00 in special assessments.

The Defendant's Sentencing Guideline Calculation resulted in a Guideline Range of 150-188 months.  The calculation calls for an enhancement of two levels for alleged "misrepresentation" and a further two level enhancement for allegedly making a "material false statement" during her testimony;   both of the aforementioned enhancements have been challenged by the Defendant.

Defendant Sarah Norton has no prior criminal history and stands before this Court facing a mandatory ten year term of incarceration.  The Government has submitted a Sentencing Memorandum calling for the Defendant to serve approximately five years

beyond that which is called for by the statutory mandated minimum.  For reasons set forth below, Defendant respectfully asks this Court to impose a sentence calling for the statutory minimum of ten years imprisonment along with all related statutorily imposed conditions including potential lifetime sex offender supervision.

The Government's  arguments in support of each two level enhancement are married to the Government's goal of punishing the Defendant for maintaining her innocence and electing to proceed to trial.  As the Court will recall, the foundation of the Government's case were chat messages exchanged between Defendant Norton and the minor victim.  The Government has included a number of sexually explicit chat exchanges in its argument calling for your Honor to exceed the ten year mandatory minimum sentence by five years.   Missing from the Government's argument is any explanation why the  mandatory minimum ten year sentence fails to satisfy the sentencing analysis called for by 18 U.S.C. Section 3553 (a).

Specifically, the Government's case is based entirely on the chat exchanges between the minor and Defendant Sarah Norton.  There is no question that these chats are sexually explicit nor is there any question that certain chats suggest a sexual motive or arranging a meeting.  Having acknowledged these facts, there is nothing extraordinary or beyond that which would not be reasonably anticipated in the prosecution of another individual similarly situated.  In fact, there are certain facts including the location of the meeting and the subsequent withdraw by the Defendant from the meeting place, without ever having met in private with the minor and without having engaged in any sexual contact with the minor that support  a sexual motive on the part of the Defendant.

It is important to recognize that a Defendant in exercising their right to proceed to a jury trial often makes a subjective assessment of their culpability. Further, often that assessment is based upon the expectation of evidence that will be produced during the trial. Here the two level enhancements are both premised on the fact that Defendant's decision to proceed to trial was intended to obstruct justice and grounded in part on perjured testimony. Neither of these conclusions are supported in any way by the reason the Defendant elected to face a jury.

The Defendant was at all times fully aware of the evidence against her. The Defendant was aware of the fact that a jury verdict would be based heavily on her credibility. Finally, prior to proceeding to trial, the Defendant rejected all offers to serve a potentially lighter sentence. Throughout these proceedings the Defendant maintained as she testified before the Jury that she did not travel across state lines for the purpose in engaging in sexual relations with the minor in question.

At all times material hereto, the Defendant expected that the Government would call the minor as a witness and fully expected that under oath before the Jury, the minor would corroborate her testimony and deny any intention to engage in sexual relations with the Defendant. As the Court is aware, the Government elected not to call the minor and the jury elected not to believe the testimony of Defendant Norton.

The Government places a good deal of emphasis upon the fact that Ms. Norton failed to acknowledge the fact that she remained in the area for the purpose of having a second meeting with the minor. The Government argues that this was an intentional misrepresentation on the part of Ms. Norton. The Government however failed to offer any evidence to support the fact that a second meeting was arranged between these two

individuals and an anticipated second meeting was arranged for the purpose of engaging in sexual relations.  There was nothing in Ms. Norton's testimony that was not factually anticipated by the underlying investigation and nothing which can be labeled a materially false misrepresentation of fact.

The Government's arguments, all of which are grounded on the chat exchanges of these two individuals, uses an objective standard of interpretation. The Government completely ignores any subjective motivation on the part of either of these individuals. In a case that is based entirely on unfulfilled sexual commentary, it is reasonable to assume that a portion of these sexually explicit chat exchanges were anything but reality based forecast of future conduct on the part of the Defendant.

In considering the factors set forth in Section 3553 (a), this Court is asked to consider whether any evidence was developed during the trial or there is any evidence contained in the Pre-Sentence Report which would in any way justify sentencing the Defendant to even one day beyond that which is called for by the statutory mandatory sentence of ten years.

Specifically, the nature and circumstances of the offense as well as the history of the Defendant can readily be anticipated by the facts necessary to establish the charge. There is no question that a sentence of ten years imprisonment more than reflects the seriousness of the offense and provides a just punishment for the offense.  A sentence of ten years affords an adequate deterrence and will protect the public from further crimes of the Defendant.  There is nothing about a sentence of ten years incarceration which would create a disparity among other Defendants,  and finally the monetary fines well exceeded the Defendant's ability to pay throughout her lifetime.

Ms. Norton elected to proceed to a jury trial despite the fact that she faced a mandatory minimum sentence of ten years and a potential sentence far greater than that. Sarah Norton made this decision despite the chat exchanges between her and the minor because she maintains that she did not arrange to meet with and travel across state lines to engage in sexual relations with a minor. Ms. Norton accepts the verdict of the jury and accepts responsibility for engaging in an improper sexually explicit chat relationship over the internet with a minor. There is no question that she traveled across state lines to meet the minor in question but her intention remains consistent that is: she did not intend to engage in a sexual relationship with the minor.

Despite the jury's verdict and the Government's chat exchanges, the fact remains that the meeting in question was held in a public park, a second meeting never took place, and the Defendant left the state, traveled home, and has had no further contact with the minor; all without any intervention by the authorities.

In addition to the foregoing, kindly incorporate the attached Exhibits consisting of letters submitted on behalf of the Defendant.

Thank you for the Court's attention to these matters.

                                        Respectfully submitted,

                                        */s/ David Jay Glassman, Esquire*
                                        David Jay Glassman, Esquire

Dated: November 16, 2020

## CERTIFICATE OF SERVICE

I certify that a copy of this sentencing memorandum was caused to be served by David Jay Glassman, Esquire, by electronic filing and email to the following:

A.U.S.A Sherri A. Stephan
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106
Sherri.stephan2@usdoj.gov

By:

*/s/ David Jay Glassman, Esquire*
David Jay Glassman, Esquire

Dated:  November 16, 2020